UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN OWENS,<br><br>            Plaintiff,<br><br>    v.<br><br>FLUZ FLUZ LLC,<br><br>            Defendant. | Case No. 24-cv-01083-MMC (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 23 |

      The parties have a dispute concerning redactions Plaintiff's counsel has made to the Plaintiff's medical records. The parties have agreed on a time frame for the relevant medical records, which is August 2021 to the present. The parties also agree that in this diversity action, California state law governs matters of privilege. *See* Fed. R. Evid. 501. The principle dispute is over the application of the physician-patient privilege and the psychotherapist-patient privilege. *See* Cal. Evid. Code §§ 990-1027. In the joint discovery letter brief, Defendant seemed to argue that all of the medical records Plaintiff has produced should be unredacted because he waived any privilege when he put his physical and emotional condition at issue by filing this lawsuit. Plaintiff disagreed and contended the waiver is limited to Lyme disease, Epstein-Barr virus and post-concussive syndrome (the conditions for which he requested a reasonable accommodation), as well as emotional distress, as he seeks damages for that. The Court held a hearing on March 21, 2025, and now issues this order.

      California Evidence Code sections 996 and 1016 establish the patient litigation exception

to the physician-patient privilege and the psychotherapist-patient privilege, stating that "[t]here is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by . . . [t]he patient." With respect to section 1016, the California Supreme Court has held that "disclosure can be compelled only with respect to *those mental conditions* the patient-litigant has 'disclosed . . . by bringing an action in which *they* are in issue'; communications which are not directly relevant to those specific conditions do not fall within the terms of section 1016's exception and therefore remain privileged." *In re Lifeschutz*, 2 Cal. 3d 415, 435 (1970) (quoting *City & County of San Francisco v. Superior Court*, 37 Cal. 2d 227, 232 (1951)) (emphasis original). "Disclosure cannot be compelled with respect to other aspects of the patient-litigant's personality even though they may, in some sense, be 'relevant' to the substantive issues of litigation. The patient thus is not obligated to sacrifice all privacy to seek redress for a specific mental or emotional injury; the scope of the inquiry permitted depends upon the nature of the injuries which the patient-litigant himself has brought before the court." *Id*.

The court went on to explain that "[i]n some situations, the patient's pleadings may clearly demonstrate that his entire mental condition is being placed in issue and that records of past psychotherapy will clearly be relevant." *Id*. "In other cases, however, the determination of the specific 'mental condition' in issue may present more complex problems." *Id*. at 436. In *Britt v. Superior Court*, 20 Cal. 3d 844, 862-64 (1978), the California Supreme Court held that the same analysis applies to section 996. *See also id.* at 849 ("[A]lthough in seeking recovery for physical and mental injuries plaintiffs have unquestionably waived their physician-patient and psychotherapist-patient privileges as to all information concerning the medical conditions which they have put in issue, past cases make clear that such waiver extends only to information relating to the *medical conditions in question*, and does not automatically open *all* of a plaintiff's past medical history to scrutiny.") (emphasis original).

Applying these precedents, it is clear that Plaintiff has put at issue Lyme disease, Epstein-Barr virus, and post-concussive syndrome. He alleges in paragraph 14 of the Complaint that these conditions made him a protected employee and that he was wrongfully terminated for

2

discriminatory reasons, i.e., for having these conditions. Paragraph 14 alleges that "[t]hese conditions lead to periodic flare-ups, during which he experiences challenges in processing oral feedback and required additional time for information processing and response formulation." Thus, as alleged, these appear to be mental conditions.

Plaintiff also agrees that emotional distress is at issue because he seeks emotional distress damages. While the Court agrees with that, the Court thinks that is a little bit too narrow. In paragraphs 30, 40, 49, 58 and 67 of the Complaint, Plaintiff seeks damages for "emotional distress" and also for "physical and mental pain and anguish." While "mental pain and anguish" might not add anything to "emotional distress," "physical . . . pain" seems like it does. Physical pain is also pretty distinct from the other claimed conditions, which relate to the Plaintiff's mental state. At the hearing, Plaintiff's counsel agreed that physical pain resulting from Lyme disease, Epstein-Barr virus and post-concussive syndrome is at issue. But she explained that physical pain resulting from a sprained ankle, for example, is not. Fair enough.

Accordingly, based on the Complaint, the Court thinks Plaintiff has put at issue Lyme disease, Epstein-Barr virus, post-concussive syndrome, physical pain resulting from those conditions, and emotional distress. The physician-patient privilege and psychotherapist-patient privilege are therefore waived as to those conditions. Plaintiff may not redact medical records as to those conditions, but may redact medical records that do not relate to those conditions.

The March 21 hearing was useful in clarifying Defendant's position. From the joint discovery letter brief, it appeared that Defendant was arguing that Plaintiff has put his "physical and mental health" at issue by filing this lawsuit. Physical and mental health seem to encompass absolutely everything about anyone's medical records, and a waiver of that scope is inconsistent with California Supreme Court precedent. But at the hearing Defendant's counsel clarified that the disputes between the parties are somewhat different from that. According to Defendant's counsel, the issue is that when the Plaintiff saw a particular doctor, the visit sometimes related to a condition at issue (e.g., Lyme disease) and a condition not at issue. Defendant's counsel argued, first, that in this situation the entire medical record for that visit should be produced unredacted because Defendant might disagree about which portions of that medical record relate to the

3

1  condition at issue.  Defendant's counsel also argued, second, that even assuming that for a
2  multiple-purpose medical appointment the portions of the record that do not relate to a condition at
3  issue may be redacted, the redactions here were excessive.  Plaintiff's counsel disagreed on both
4  points.

As to the first point, the Court's view is that if a medical appointment is for both a condition at issue and a condition not at issue, waiver attaches to the portions of the record for that appointment that concern the condition at issue, and the remainder may be redacted.  If a patient has multiple medical conditions, it would not be unusual for a medical appointment to address more than one of them.  But the patient litigation exception does not expand by mission creep to include conditions the patient did not put at issue in filing the lawsuit, merely because they are also addressed in the same appointment.  *See In re Lifeschutz*, 2 Cal. 3d at 435 ("communications which are not *directly* relevant to those *specific* conditions do not fall within the terms of section 1016's exception and therefore remain privileged") (emphasis added); *Britt*, 20 Cal. 3d at 849 ("waiver extends only to information relating to the *medical conditions in question*") (emphasis original).

Now let's turn to the second point.  Determining which portions of a medical record for a single appointment relate to the conditions at issue may not always be simple or easy, and it is unsurprising that the two sides might disagree.  If the issue were merely one of relevance, the best approach might be to produce the documents unredacted, and the parties could fight it out on summary judgment or at trial which portions of the records relate to what.  However, the issue here is privilege, and if information is privileged, Plaintiff does not have to disclose it, and Defendant is not entitled to see it.

Accordingly, as discussed at the March 21 hearing, the Court **ORDERS** the parties to file a joint discovery letter brief by April 4, 2025, concerning the redactions Plaintiff has made, together with a declaration from each side and the redacted medical records, and for Plaintiff to submit hard copies by that date of the unredacted records for the Court's in camera review.  The Court

will then rule on the redactions.[1]

**IT IS SO ORDERED.**

Dated: March 21, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] Defendant also argues that Plaintiff waived privilege when he signed a letter authorizing his medical providers to provide his records to his attorney. However, that argument is illogical. That waiver was merely to authorize the provider to provide the records to his attorney; it was not a waiver as to his litigation opponent. The parties also discuss the right to privacy under California law. However, neither side contends, or cites any legal authority to show, that medical records that are discoverable under sections 996 and 1016 would somehow nonetheless be protected by the right to privacy, so it does not seem that the right to privacy requires a separate analysis. The parties also discuss whether the unredacted medical records are relevant and proportional under Rule 26, but since state law controls on the issue of privilege, state law is what matters for this dispute. Defendant also seeks sanctions under Rule 37, but since it has not yet obtained any relief, it doesn't get any sanctions.

5