UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN OWENS,<br><br>    Plaintiff,<br><br>    v.<br><br>FLUZ FLUZ LLC,<br><br>    Defendant. | Case No.  24-cv-01083-MMC   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 37, 38 |

In ECF No. 34, the Court explained that it would conduct an in camera review of the redactions to Plaintiff's medical records to determine if they were consistent with the patient litigation exception to the physician-patient and psychotherapist-patient privileges. The Court has now undertaken that review. The Court gives no weight to Dr. Amyanne Freeburg's opinion that "[p]sychological evaluations consider the totality of the person" (ECF No 38-1 ¶ 7) because even if that is true as a medical matter, the patient litigation exception is not that broad as a legal matter. *See In re Lifeschutz*, 2 Cal. 3d 415, 435 (1970) ("Disclosure cannot be compelled with respect to other aspects of the patient-litigant's personality even though they may, in some sense, be 'relevant' to the substantive issues of litigation. The patient thus is not obligated to sacrifice all privacy to seek redress for a specific mental or emotional injury; the scope of the inquiry permitted depends upon the nature of the injuries which the patient-litigant himself has brought before the court.")

The Court **SUSTAINS** the redactions in the medical records except as follows:

1. On the top right of every page of the Sutter Health records, counsel has redacted the patient's date of birth and legal sex. That is not permitted.

2. On the bottom left of nearly every page of the Sutter Health records, counsel has

redacted the date and time the document was printed.  That is not permitted.

3.  Counsel cannot redact pharmacy information for a prescription that is related to a condition at issue.  See, e.g., RYANOWENS000536 &540.

4.  Counsel may not redact the second prescription near the bottom of RYANOWENS000366, nor the second one at the top of RYANOWENS000367 because page 366 makes clear it relates to one of the conditions at issue.

5.  In many of the after visit summaries (e.g., RYANOWENS000376), counsel has redacted the plaintiff's name and the date and time the document was printed.  This is not appropriate.

6.  In the BioReference documents (e.g., RYANOWENS000575 & 577), there is a box at the top that says "patient."  Counsel has redacted everything in that box except the patient's name, but none of that information should be redacted.

7.  On the "face sheet' at RYANOWENS000745, the top box is patient information.  The two boxes on the top right can be redacted because they relate to conditions not at issue, but the remaining information cannot be redacted it is just identification information about the plaintiff.

The Court **ORDERS** Plaintiff to bring his redactions into compliance with this order.  The Court also **ORDERS** Exhibit A to ECF No. 37 to remain sealed, as it is a redacted version of Plaintiff's medical records.

This order terminates ECF Nos. 37 and 38.

**IT IS SO ORDERED.**

Dated: April 8, 2025

THOMAS S. HIXSON
United States Magistrate Judge